**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DAVID K. WALDEN, | No. 12-55251 |
| Appellant, | D.C. No. 3:09-cv-02564-JLS-POR |
| v. | |
| GREGORY A. AKERS, | MEMORANDUM[*] |
| Appellee, | |
| And | |
| JOEL ESQUERRA FORRAL, | |
| Debtor-in-Possession. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

David K. Walden appeals pro se from the district court's judgment affirming

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the bankruptcy court's summary judgment in favor of Chapter 7 trustee Gregory A. Akers. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on an appeal from a bankruptcy court and apply the same de novo standard of review used by the district court to review the bankruptcy court's summary judgment. *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Investors, Inc. (In re Raintree Healthcare Corp.)*, 431 F.3d 685, 687 (9th Cir. 2005). We affirm.

The bankruptcy court properly granted summary judgment because Walden failed to raise a genuine dispute of material fact as to whether the debtor was insolvent when he made payments to Walden. *See* 11 U.S.C. § 547(b) (elements of a preferences claim); *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1076 (9th Cir. 2000) (discussing the insolvency requirement under 11 U.S.C. § 547(b)); *see also Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by factual data cannot defeat summary judgment."). Walden also failed to raise a genuine dispute of material fact as to whether the payments were made in the ordinary course of business. *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 789-92 (9th Cir. 2007) (discussing requirements for "ordinary course of business" exception under 11 U.S.C. § 547(c)(2)); *Mordy v. Chemcarb, Inc. (In re Food*

*Catering & Hous., Inc.)*, 971 F.2d 396, 398 (9th Cir. 1992) (explaining that

defendant bears burden of proof in establishing "ordinary course of business"

exception).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Walden's request for oral argument, filed on March 9, 2013, is denied.

**AFFIRMED.**

12-55251